---
Lee *vs.* Strickland.

---

(Decided 14th May, 1884.)

---

SAMUEL C. LEE, trading as L. H. LEE AND BROTHER *vs.* PALMER C. STRICKLAND.

*Declaration—Demurrer.*

Where one count in a declaration is good, although all the other counts are bad, it is error to sustain a demurrer to the whole declaration.

APPEAL from the Circuit Court for Cecil County.

This action was brought by the appellant against the appellee, on an agreement under seal, to recover for certain reaping and mowing machines delivered by the former to the latter for sale on commission. The declaration contained four counts. The defendant demurred to each and every count. The demurrer was ruled good, and judgment was entered for the defendant. The plaintiff appealed. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*L. M. Haines,* and *Albert Constable,* for the appellant.

*George A. Blake,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The agreement in this case recites a sale of reaping and mowing machines. But it is provided that the payments of the purchase money are to be made in the notes of responsible farmers, to whom the said machines should be afterwards sold. The defendant was required to guarantee the payment of the notes; and it was also agreed that if any of these notes should remain unpaid for a period of three months after they became due, the plaintiff might, if he desired to do so, require the defendant to redeem them with other like notes, not having more than three months to run before maturity, or to give him the defendant's own notes at not more than three months. The parties chose to designate the transaction between them as a sale; but their rights and obligations must be determined by the stipulations whicn they have made in their written agreement. The instrument is rather a long one, and contains many provisions, which are entirely inconsistent with the idea that the defendant had acquired the ownership of the mowers and reapers mentioned in it. It is evident on a consideration of the whole paper, that the intention of the parties was, that the defendant was to sell these machines for the plaintiff on commission, and was to guarantee the sales which he should make; but that he was not to pay for such as he should not sell. It was stipulated that the agreement should be in full force until the first day of August, 1875, and that, if at that time all its provisions had been complied with, by both parties, it should cease, and be of no further effect.

The declaration contains four counts. In the first count, it is sufficiently averred that the defendant sold one of these machines to Richard Thomas, and guaranteed the

note which he received from Thomas; and that said note remained unpaid for a period of three months after it became due; and that defendant has refused to redeem the note with another like note, as provided in the agreement, although the plaintiff has required him to do so. It is also averred in this count that all the provisions of the agreement had not been complied with on the first day of August, 1875, but that on the contrary the above mentioned sale to Thomas was made prior to that time, and defendant had failed to pay for the same. It is true that it is averred that after the first day of August, that is to say, on the twelfth day of October, 1875, the defendant endorsed and delivered to the plaintiff the aforesaid note of Thomas. The plaintiff had a right to require the endorsement and delivery of this note previously to the first of August; but his receipt of it after that time cannot be considered as a waiver of any of his rights, and cannot discharge the defendant from any of the obligations of his contract. We think that a breach of the agreement is sufficiently set forth in this count.

The third count declares upon a sale under the contract, of a number of these machines to the defendant; but does not aver that the defendant had sold them again. The second and fourth counts proceed on the sale to Richard Thomas, and combine with it a claim for other machines alleged to have been sold to defendant under the contract; but it is not stated that these last mentioned machines have been sold by the defendant. In each of these two last mentioned counts, a good cause of action is stated; but another substantive ground of complaint is combined with it, for which damages could not legitimately be assessed. The first count is good, and the other three are bad. As the demurrer to the whole declaration was sustained, there was error.

*Judgment reversed,*
*and cause remanded.*

(Decided 15th May, 1884.)