(Decided 22nd June, 1886.)

PALMER C. STRICKLAND *vs.* SAMUEL C. LEE, trading as L. H. LEE & BROTHER.

*Promissory note—Liability of Endorser—Modification of Liability by Agreement with Endorsee.*

When the endorser of a note receives notice of its dishonor at maturity, his liability to pay becomes fixed; but this liability may be modified by an agreement giving the endorsee the right to require the redemption of such note by another like note, or the endorser's own note, instead of insisting upon payment.

APPEAL from the Circuit Court for Cecil County.

*Exception.*—The plaintiff asked the following instruction:

If the jury find that the defendant signed, sealed and ·delivered the agreement dated the 30th of November, 1874, between himself and the plaintiff, which has been offered in evidence, and purchased, upon the terms therein mentioned, a combined reaper and mower of the plaintiff, and prior to the first day of August, 1875, sold the same to Richard Thomas, and took from said Thomas the promissory note offered in evidence, dated the 12th of October, 1875, on one of the forms furnished by the plaintiff, and endorsed, transferred and delivered over to the plaintiff

the said note in the form provided for in said agreement, in payment of the said machine so as aforesaid sold to the said Richard Thomas; and shall further find that the said note was duly presented for payment, and was dishonored, whereof the defendant had due notice, but did not pay the same, and that the said note remained unpaid for a period of three months after the same became due, and yet remains unpaid, and that the plaintiff afterwards, and before the bringing of this suit, required the defendant to redeem said note, with another like note or notes, not having more than three months to run until maturity, or to give the plaintiff his own note at not over three months, which the defendant wholly neglected and refused to do, and still neglects and refuses to do, then the plaintiff is entitled to recover in this action.

The defendant prayed the Court to instruct the jury as follows:

1. If the jury believe that the note of the 12th of October, 1875, offered in evidence in this case, was not paid at its maturity by the said Thomas, and that the plaintiff did not then require the defendant to renew the same with another like note not having more than three months to run, and did not then make any demand whatever of the defendant in relation thereto, but undertook to collect the same, and brought suit on the same and obtained judgment against the said Thomas for the amount due on said note, and that the said Thomas was then solvent, or the money could have been made on said judgment by the exercise of due diligence on the part of the plaintiff, and that the plaintiff did not use due diligence, but accepted an order on a certain James H. Ray for the amount thereof, and agreed to try to collect, and apply the same to the payment of the said judgment, and delayed the collection thereof, and held said judgment until after the said Thomas became insolvent, and the money due on said judgment could not be made out of him before making

any demand of the defendant in relation thereto, then their verdict must be for the defendant, notwithstanding they shall find that the defendant guaranteed the payment of the said note.

. 2. That the contract of the 30th of November, 1874, offered in evidence by the plaintiff, is surely a contract of agency and not a contract of bargain and sale.

3. That the burden of proof is on the plaintiff to make out his case by preponderating evidence.

The Court (STUMP, J.) granted the prayer of the plaintiff and the third prayer of the defendant, but rejected the defendant's first and second prayers. The defendant excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before ALVEY, C. J., IRVING, and BRYAN, J., and MILLER, and YELLOTT, J., participated in the decision.

*W. S. Evans,* for the appellant.

* *L. M. Haines,* and *Albert Constable,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

When we heard the former appeal in this case, we were required to consider the agreement on which this suit is brought, and to determine its construction. We decided that the first count in the declaration set forth a breach of the contract and stated a good cause of action for the plaintiff. The prayer of the plaintiff seems to have been drawn with the view of leaving to the jury the finding of all its material averments. It requires them to find that the defendant sold the machine to Thomas and took from him the promissory note offered in evidence, and endorsed,

---
* Mr. Haines did not participate in the argument, though present.

transferred and delivered to the plaintiff the note in payment of the machine, and that it was duly presented for payment, and was dishonored, and that the defendant had due notice thereof, but did not pay it, and that it remained unpaid for a period of three months after it became due, and is still unpaid, and that the plaintiff afterwards required the defendant to redeem it with another note, or notes, not having more than three months to run, or to give his own note at not over three months, and that the defendant refused to do so. It seems to us that under the circumstances hypothetically stated in the prayer, it was the duty of the defendant to redeem the note taken from Thomas, and this is in accordance with our former decision. 62 *Md.*, 158. The prayer was therefore properly granted. The defendant offered three prayers, of which the first and second were refused and the third was granted. The defendant's first prayer proceeds on the theory that the plaintiff was bound to collect the money from Thomas, if it could be collected by due diligence. But the agreement imposed no such obligation on the plaintiff. It required the defendant to guarantee the payment of the note. When he received notice of its dishonor at maturity, his liability to pay it became fixed ; this liability was, however, modified by that clause of the agreement which gave the plaintiff the right to require its redemption with other like notes, or the defendant's own notes. Upon receiving notice of the dishonor of the Thomas note, the defendant was bound to pay it; or (if required by the plaintiff,) to redeem it in the manner just mentioned. The plaintiff did not agree to collect it, or to take any steps to that end. When he gave notice to the defendant of its dishonor, he was required to do nothing more for the purpose of making the defendant liable ; he might, however, elect to have it redeemed in the manner specified in the agreement instead of insisting upon payment. The defendant's second prayer maintained that

the agreement above mentioned was a contract of agency and not of bargain and sale. This proposition is essentially abstract, and could have given the jury no assistance in finding the issues in the cause. It did not give them any instruction whatever as to the mode in which it was to be applied to the questions submitted to them. We think these two prayers were properly rejected.

*Judgment affirmed.*

(Decided 22nd June, 1886.)